UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO ARIAS GARZA (A-077-404-341),<br>Petitioner,<br>v.<br>KRISTI NOEM, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, et al.,<br>Respondents. | No. 2:26-cv-01349 DC-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Diego Arias Garza (A-077-404-341), a native and citizen of Mexico who is proceeding without counsel, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges his detention by U.S. Immigration and Customs Enforcement ("ICE"). For the reasons that follow, the Court recommends that the petition be denied.

## I. BACKGROUND

Petitioner entered the United States without inspection on an unknown date. (ECF No. 8 at 2, 14.) Petitioner has a criminal history in the United States with various arrests and convictions. (See ECF No. 8.) In May 2021, petitioner was convicted of "possession for

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

purchase/sale narcotics/controlled substances in violation of California Health and Safety Code 11351."[2] (ECF No. 8 at 3.) In January or February 2022, an immigration judge ordered petitioner removed, which petitioner appealed to the Board of Immigration Appeals ("BIA") in March 2022, and was pending at the time the habeas petition was filed. (See ECF No. 1 at 2; ECF No. 8 at 8-10.) On March 19, 2026, petitioner was re-detained by ICE. (ECF No. 1 at 2; ECF No. 18 at 5.)

On April 6, 2026, petitioner filed his verified habeas petition.[3] (ECF No. 1.) On Aril 16, 2026, respondents filed an answer to the petition. (ECF No. 8.) On April 27, 2026, petitioner filed a motion for a temporary restraining order. (ECF No. 9.) On April 28, 2026, the district court denied petitioner's motion, holding he "has not demonstrated a likelihood of success on the merits of his claim that his continued detention violates the Immigration and Nationality Act or his Fifth Amendment right to Due Process," where petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) based on his conviction for transport of narcotics with intent to sale, in violation of 8 U.S.C. § 1182(a)(2)(C). (ECF No. 11.)

On April 29, 2026, petitioner filed his reply to the answer and a request to accept his late filing, which is granted. (ECF Nos. 12, 13.)

On May 4, 2026, petitioner filed a second motion for immediate release and a motion for a preliminary injunction. (ECF No. 16.) On May 11, 2026, respondents filed an opposition to the motion, and petitioner filed his reply on June 4, 2026. (ECF Nos. 18, 19.) On June 12, 2026, the district court denied petitioner's motion, rejecting petitioner's contention "that despite his conviction for an offense that falls into the ambit of mandatory detention under § 1226(c)(1)(A), Petitioner was still constitutionally entitled to a pre-deprivation bond hearing before he could be re-detained. Supreme Court precedent, however, explicitly states that a noncitizen may be

[2] The Court focuses on the criminal conviction that the government asserts justifies detention pursuant to § 1226(c). (See ECF No. 8.) Petitioner admits that he has a criminal history. (ECF No. 1 at 7.)

[3] Petitioner filed a verified habeas petition. (ECF No. 1 at 33.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)). Respondents contest petitioner's factual allegations. (See ECF No. 8.)

constitutionally detained under § 1226(c) without such a bond hearing. Demore v. Kim, 538 U.S. 510, 513 (2003) ("We hold that Congress... may require that persons such as respondent [who are subject to mandatory detention under § 1226(c)] be detained for the brief period necessary for their removal proceedings."). Under Supreme Court precedent, Respondents were not required to provide Petitioner a bond hearing due to his mandatory detention under 8 U.S.C. § 1226(c). Accordingly, Petitioner has not demonstrated a likelihood of success on the merits of his claim that his continued detention violates his statutory or constitutional rights, and his Motion for a Preliminary Injunction is DENIED." (ECF No. 21.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.) Briefing is complete. (See Docket.)

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner challenges his detention based on the alleged violation of the following: (1) the Fifth Amendment procedural due process clause; (2) the Immigration and Nationality Act ("INA"); and (3) the Fifth Amendment substantive due process clause.[4] (ECF No. 1 at 28-31.)

---

[4] The petition's numbering of claims is out of order, and includes two claims (first claim and fourth claim) that the Court construes as procedural due process claims where both claims address the determination of custody. (See ECF No. 1 at 29-30, 31.)

As the parties acknowledged in their filings through early May 2026, petitioner's appeal to the BIA was still pending when the petition and those briefs were filed. (See ECF No. 1 at 2 (petitioner filed BIA appeal on March 1, 2022); ECF No. 8 at 1-2, 8 (BIA filing receipt of petitioner's appeal dated March 1, 2022), 10 (April 16, 2026 EOIR Automated Case Information for petitioner's immigration proceedings noting that petitioner's March 1, 2022 appeal to the BIA was pending); ECF No. 18 at 2.) But on May 20, 2026, the BIA dismissed petitioner's appeal of his removal order. See EOIR Automated Case Information, https://acis.eoir.justice.gov/en[5] (petitioner's BIA appeal dismissed on May 20, 2026); ECF No. 23 (acknowledging that BIA dismissed petitioner's appeal of the removal order).[6] Petitioner has filed a petition for review of the BIA's decision in the Ninth Circuit. (ECF No. 23.)

Therefore, petitioner's order of removal became final on May 20, 2026. See 8 U.S.C. § 1101(a)(47)(B) (defining when removal order becomes "final"); Ocampo v Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)) (an order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order.").

Once a noncitizen is subject to a final removal order, his detention is covered by 8 U.S.C. § 1231. Pursuant to 8 U.S.C. § 1231(a)(1), the Attorney General of the United States shall

---

[5] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government. The address of this official website is https://acis.eoir.justice.gov/en/. Respondents also submitted the EOIR Automated Case Information for petitioner's immigration proceedings. (See ECF No. 8 at 9-11.)

[6] On June 23, 2026, the Court issued an order requiring respondents to submit a status addressing whether petitioner was now detained pursuant to a final order of removal based on the BIA's dismissal of petitioner's appeal. (ECF No. 23.) Respondents filed a status report confirming that the BIA dismissed petitioner's appeal and noting that petitioner had filed a petition for review with the Ninth Circuit, staying petitioner's removal. (ECF No. 23.) It is unclear why, but respondents' status report also states: "Respondent's position is that, until the removal order can be effectuated, [petitioner] is not detained pursuant to a final order of removal." This is an incorrect statement of the law as described below. See Ocampo v Holder, 629 F.3d 923, 926 (9th Cir. 2010); 8 U.S.C. § 1101(a)(47)(B).

remove a noncitizen within 90 days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following: (i) the date the removal order becomes administratively final; (ii) if the removal order is judicially reviewed and a stay of removal is ordered, the date of the court's final order; or (iii) the date the noncitizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). During the removal period, the noncitizen shall be detained. 8 U.S.C. § 1231(a)(2). If the noncitizen is not removed within the removal period, the noncitizen shall be released and subject to supervision with certain conditions, 8 U.S.C. § 1231(a)(3), or the noncitizen may be detained beyond the removal period pursuant to 8 U.S.C. § 1231(a)(6).

The Supreme Court has addressed the detention of noncitizens subject to final removal orders who are detained beyond the removal period pursuant to § 1231(a)(6). Zadvydas v. Davis involved a challenge to prolonged detention under § 1231(a)(6) by noncitizens who "had been ordered removed by the government and all administrative and judicial review was exhausted, but their removal could not be effectuated because their designated countries either refused to accept them or the United States lacked a repatriation treaty with the receiving country." Prieto-Romero v. Clark, 534 F.3d 1058, 1062 (9th Cir. 2008) (citing Zadvydas, 533 U.S. at 684-86). The Supreme Court held that § 1231(a)(6) does not authorize indefinite detention and "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. Thus, after a presumptively reasonable detention period of six months, a noncitizen was entitled to release if "it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701. In Clark v. Martinez, 543 U.S. 371, 386 (2005), the Supreme Court confirmed detention for six months after the removal order becomes final is presumptively reasonable.

The Court finds that petitioner is currently detained pursuant to 8 U.S.C. § 1231(a)(6) because his removal order became final on May 20, 2026 when the BIA dismissed his appeal of the immigration judge's removal order and the removal period has passed. See 8 U.S.C. § 1101(a)(47)(B) (defining when removal order becomes "final"); Ocampo v Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)) (an order of removal becomes final

"only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order."); 8 U.S.C. §§ 1231(a)(1), 1231(a)(6). Less than six months have passed since the removal order became final on May 20, 2026, which is within the presumptive reasonable detention time period. See Zadvydas, 533 U.S. at 701; Clark, 543 U.S. at 386.

The Court therefore recommends denying the petition because petitioner is currently detained pursuant to 8 U.S.C. § 1231(a)(6), and petitioner's detention is within the presumptive reasonable time period of six months post-final removal order that the Supreme Court has authorized. See Zadvydas, 533 U.S. at 701; Clark, 543 U.S. at 386.

Petitioner argues that no matter what type of release he was under, 8 C.F.R. § 241.13(i) applies and the government violated these regulations. (ECF No. 19 at 5.) This is incorrect. A set of regulations, 8 C.F.R. §§ 241.13(i) and 241.4(l), govern how and when ICE may revoke the release of a noncitizen who has been ordered removed. Petitioner was detained by ICE before his removal order became final on May 20, 2026, and therefore 8 C.F.R. § 241.13(i) did not apply.

**D. Petitioner's Other Claims for Relief**

Because the Court finds that petitioner's detention is within the presumptive reasonable time period after the final removal order the Supreme Court has authorized, the Court concludes that petitioner's statutory INA claim (claim two) and substantive due process claim (claim three) based on indefinite detention fail.

## IV. MOTIONS FOR APPOINTMENT OF COUNSEL

Petitioner filed motions for appointment of counsel. (ECF Nos. 3, 10.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

///

///

## V. RESPONDENTS' MOTION TO DISMISS/ STRIKE

Petitioner named as respondents the Secretary of the Department of Homeland Security, the United States Attorney General, ICE San Francisco Field Office Director, ICE Acting Director, and the Warden of the Golden State Annex Detention Center. In a footnote in their answer to the petition, respondents move to strike and dismiss all respondents besides the Warden. (ECF No. 8 at 1 n.1.) In these circumstances, dismissal of non-custodians is not appropriate. See Osoria v Warden of the Cal. City Det. Ctr., No. 1:26-cv-01528 KES EPG (HC), 2026 WL 747297, at *1-2 (E.D. Cal. Mar. 17, 2026), findings and recommendations adopted, 2026 WL 947105 (E.D. Cal. Apr. 8, 2026) (finding that non-custodian respondents were properly joined in a habeas petition to permit enjoining future re-detention). Accordingly, respondents' motion to dismiss should be denied.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions for appointment of counsel (ECF Nos. 3, 10) are denied without prejudice.
2. Petitioner's motion to accept his late reply filing (ECF No. 12) is granted.

Further, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss/strike respondents other than the Warden (ECF No. 8 at 1 n.1) be denied.
2. The petition for writ of habeas corpus (ECF No. 1) be DENIED.
3. The Clerk of Court be directed to enter judgment for respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 9, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/garz.1349.26.frs