UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO ARIAS GARZA (A-077-404-341),<br>Petitioner,<br>v.<br>KRISTI NOEM, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, et al.,<br>Respondents. | No. 2:26-cv-01349 DC CSK<br><br>AMENDED FINDINGS & RECOMMENDATIONS |

Petitioner Diego Arias Garza (A-077-404-341), a native and citizen of Mexico who is proceeding without counsel, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges his detention by U.S. Immigration and Customs Enforcement ("ICE"). For the reasons that follow, this Court vacates its prior findings and recommendations, issues amended findings and recommendations, recommends that the petition be granted, and that petitioner be provided with a bond hearing.[2]

///

[1] Petitioner is proceeding in forma pauperis. This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

[2] This Court initially recommended that the petition be denied. (ECF No. 25.) After further review of the record and petitioner's objections (ECF No. 26), this Court now finds that the petition should be granted and that petitioner should receive a bond hearing. For this reason, this Court issues these amended findings and recommendations.

## I. BACKGROUND

Petitioner entered the United States without inspection on an unknown date. (ECF No. 8 at 2, 14.) Petitioner has a criminal history in the United States with various arrests and convictions. (See ECF No. 8.) In May 2021, petitioner was convicted of "possession for purchase/sale narcotics/controlled substances in violation of California Health and Safety Code 11351."[3] (ECF No. 8 at 3, 23.) In January or February 2022, an immigration judge ordered petitioner removed, which petitioner appealed to the Board of Immigration Appeals ("BIA") in March 2022, and this appeal was pending at the time the habeas petition was filed. (See ECF No. 1 at 2; ECF No. 8 at 8-10.) On March 19, 2026, petitioner was re-detained by ICE. (ECF No. 1 at 2; ECF No. 18 at 5.)

On April 6, 2026, petitioner filed his verified habeas petition.[4] (ECF No. 1.) On April 16, 2026, respondents filed an answer to the petition. (ECF No. 8.) On April 27, 2026, petitioner filed a motion for a temporary restraining order. (ECF No. 9.) On April 28, 2026, the district court denied petitioner's motion, holding he "has not demonstrated a likelihood of success on the merits of his claim that his continued detention violates the Immigration and Nationality Act or his Fifth Amendment right to Due Process," where petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) based on his conviction for transport of narcotics with intent to sale, in violation of 8 U.S.C. § 1182(a)(2)(C). (ECF No. 11.) On April 29, 2026, petitioner filed his reply to the answer. (ECF No. 13.)

On May 4, 2026, petitioner filed a second motion for immediate release and a motion for a preliminary injunction. (ECF No. 16.) On May 11, 2026, respondents filed an opposition to the motion, and petitioner filed his reply on June 4, 2026. (ECF Nos. 18, 19.) On June 12, 2026, the district court denied petitioner's motion, rejecting petitioner's contention "that despite his

---

[3] The Court focuses on the criminal conviction that the government asserts justifies detention pursuant to § 1226(c). (See ECF No. 8.) Petitioner admits that he has a criminal history. (ECF No. 1 at 7.)

[4] Petitioner filed a verified habeas petition. (ECF No. 1 at 33.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)). Respondents contest petitioner's factual allegations. (See ECF No. 8.)

conviction for an offense that falls into the ambit of mandatory detention under § 1226(c)(1)(A), Petitioner was still constitutionally entitled to a pre-deprivation bond hearing before he could be re-detained. Supreme Court precedent, however, explicitly states that a noncitizen may be constitutionally detained under § 1226(c) without such a bond hearing. Demore v. Kim, 538 U.S. 510, 513 (2003) ("We hold that Congress... may require that persons such as respondent [who are subject to mandatory detention under § 1226(c)] be detained for the brief period necessary for their removal proceedings."). Under Supreme Court precedent, Respondents were not required to provide Petitioner a bond hearing due to his mandatory detention under 8 U.S.C. § 1226(c). Accordingly, Petitioner has not demonstrated a likelihood of success on the merits of his claim that his continued detention violates his statutory or constitutional rights, and his Motion for a Preliminary Injunction is DENIED." (ECF No. 21.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.)

On June 23, 2026, this Court issued an order observing that according to the government's Executive Office for Immigration Review Automated Case Information website, on May 20, 2026, the BIA dismissed petitioner's appeal from the order by the immigration judge ordering petitioner's removal.[5] See https://acis.eoir.justice.gov/en. (ECF No. 22.) This Court ordered respondents to file a status report addressing whether petitioner was detained pursuant to a final order of removal. (Id.) On June 25, 2026, respondents filed a pleading titled "Notice of Compliance." (ECF No. 23.)

After briefing on the merits was completed, the Court issued findings and recommendations on October 9, 2026, recommending that the petition be denied. (ECF No. 25.) Petitioner timely filed objections on October 19, 2026. (ECF No. 26.) Respondents did not respond to Petitioner's objections. (See Docket.)

---

[5] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government. The address of this official website is https://acis.eoir.justice.gov/en/.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner challenges his detention based on the alleged violation of the following: (1) the Fifth Amendment procedural due process clause; (2) the Immigration and Nationality Act ("INA"); and (3) the Fifth Amendment substantive due process clause.[6] (ECF No. 1 at 28-31.) Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A), as he is a deportable for being convicted of trafficking a controlled substance as defined in 8 U.S.C. § 1101(a)(43)(B). (ECF No. 8 at 3-4.) Respondents further argue that petitioner's mandatory detention is constitutional. (Id. at 4-6.)

### A. Procedural Due Process Claim (Claim One)

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

In respondents' "Notice of Compliance" filing, respondents state that petitioner filed a petition for review of the dismissal of his appeal by the BIA in the Ninth Circuit Court of

---

[6] The petition's numbering of claims is out of order, and includes two claims (first claim and fourth claim) that the Court construes as procedural due process claims where both claims address the determination of custody. (See ECF No. 1 at 29-30, 31.)

Appeals, which stayed petitioner's removal. (ECF No. 23.) Respondents' position is that, until the removal order can be effectuated, petitioner is not detained pursuant to a final order of removal. (Id.) This Court concludes that pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii), where the Ninth Circuit has stayed the removal order pending its decision on the petition for review, petitioner is not detained pursuant to § 1231(a). See Prieto-Romero v. Clark, 534 F.3d 1053, 1061 (9th Cir. 2008) ("Therefore, the plain language of § 1231(a) provides no authority to detain aliens such as Prieto-Romero whose removal order is *administratively*--but not *judicially*--final.") (emphasis in original).

The Court next examines 8 U.S.C. § 1226(c), which mandates detention for certain criminal offenses. As discussed above, in May 2021, petitioner was convicted of "possession for purchase/sale narcotics/controlled substances in violation of California Health and Safety Code 11351." (ECF No. 8 at 3, 23.) 8 U.S.C. § 1226(c)(1)(A) mandates detention for "any alien who—is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title," and section 1182(a)(2)(A)(i)(II) provides that aliens convicted of any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of title 21) are inadmissible. This Court finds that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A) based on his conviction for violating California Health and Safety Code § 11351. Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner has raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth

Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-1669 RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause

applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 818 F. Supp. 3d 1141, 1151 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 693).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). The Court concludes that petitioner has a protected liberty interest in his freedom from detention. See Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Petitioner has been detained over seven months since March 19, 2026, and faces prolonged detention where the Ninth Circuit's review of his petition for review of the BIA dismissal remains pending. This also exceeds the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530.

Next, the court turns to what procedures are necessary to ensure that the deprivation of the protected liberty interest meets the demands of the Constitution. The Ninth Circuit has "regularly applied Mathews [v. Eldridge, 424 U.S. 319 (1976)], to due process challenges to removal proceedings." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context). In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted). Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous

deprivation; and (3) the government's interest.[7] Mathews, 424 U.S. at 335.

First, petitioner has a clear interest in remaining free from detention. "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). The length of future detention is unknown and prolonged where petitioner's petition for review is pending in the Ninth Circuit. In addition, the record before the Court does not indicate whether there have been any delays caused by either the petitioner or the government. The first factor therefore weighs in petitioner's favor.

Second, "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing." See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, petitioner has been detained since March 19, 2026 without a bond hearing to evaluate whether petitioner is a flight risk or a danger to the community. It is not this Court's role to determine whether petitioner is a danger or flight risk, and a neutral arbiter may very well determine that petitioner is a danger given the seriousness of his underlying conviction that makes him removable.

As to the third Mathews factor, this Court recognizes that the government has an interest

[7] "District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing." Mohammed v. Warden of California City Detention Center, No. 1:26-cv-0118 DJC CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (applying Mathews test to prolonged detention claim under § 1225(b)(1)). Cf. Keo, 2026 WL 747117, at *2 (applying seven factor test from Martinez, 2019 WL 5968089, at *7, to prolonged detention claim under § 1226(c)). As the considerations in the various multi-factor tests are relevant to the due process analysis, the Court will address them within the Mathews framework.

in enforcing immigration laws and in public safety, but respondent's interest in detaining petitioner without a hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 19, 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). Detention hearings in immigration courts are routine, and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094. Overall, balancing these factors, the Court finds that petitioner is entitled to a bond hearing under the Due Process Clause where he has been detained for over seven months and his petition for review is pending in the Ninth Circuit. See also Jose G. M. L. v. Warden of the Golden State Annex Detention Facility, et al., No. 1:26-cv-0047 TLN EFB, 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months).

**B. Petitioner's Other Claims for Relief**

Because the Court recommends granting the petition on the procedural due process claim (claim one), the Court need not address any additional claims (claims two and three) raised in the petition. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to claim one.

**IV. CONCLUSION**

In summary, the Court issues amended recommendations that the petition be granted as to the due process claim raised in claim one.

Accordingly, the Court vacates its prior findings and recommendations (ECF No. 25); the order portion within ECF No. 25 remains in place.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to claim one.
2. Respondents be ordered to provide petitioner Diego Arias Garza (A-077-404-341)

with a constitutionally adequate bond hearing before an immigration judge/ neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify continued detention. Respondents must provide petitioner and if petitioner has counsel, also petitioner's counsel, with at least seven (7) days' notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing.

3. Because petitioner is proceeding pro se, respondent be further directed to file a status report within **seven (7) days** from the date of the bond hearing.

4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 10, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Garza1349.ame157.imm.BOND/2